**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| PROPERTY DISCLOSURE TECHNOLOGIES LLC, | § | |
| | § | |
| *Plaintiff,* | § | Civil Action No. 6-14-cv-_____ |
| | § | |
| v. | § | Jury Trial Demanded |
| | § | |
| RE/MAX LLC, | § | |
| | § | |
| *Defendant.* | § | |

# PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Property Disclosure Technologies LLC files this Complaint for Patent Infringement against Defendant RE/MAX LLC and alleges as follows:

## PARTIES

1. Plaintiff Property Disclosure Technologies LLC ("PDT") is a Delaware Limited Liability Company having an address at One Commerce Center, 1201 Orange Street, Suite 600, Wilmington, Delaware 19899.

2. Upon information and belief, Defendant RE/MAX LLC ("RE/MAX") is a Delaware corporation, with its principal place of business located at 5075 S. Syracuse Street, Denver, Colorado 80237-2712. RE/MAX may be served with process through its registered agent in Texas: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the patent laws of the United States of America, Title 35, United States Code.

4. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, RE/MAX has regular and established places of business in this district and/or has transacted business in this district and has committed and/or induced acts of patent infringement in this district.

**THE `167 PATENT-IN-SUIT**

6. On September 1, 2009, the United States Patent and Trademark Office issued United States Patent No. 7,584,167 (the "`167 Patent") entitled "Real Estate Disclosure Reporting Method," a true copy of which is attached as Exhibit A, to inventor G. Randall Bell.

7. PDT is the assignee of the `167 Patent and possesses all rights to sue for and recover all past, present and future damages for infringement of the `167 Patent.

**THE '530 PATENT-IN-SUIT**

8. On May 17, 2011, the United States Patent and Trademark Office issued United States Patent No. 7,945,530 (the "`530 Patent") entitled "Real Estate Disclosure Reporting Method," a true copy of which is attached as Exhibit B, to inventor G. Randall Bell, Ph.D.

9. PDT is the assignee of the `530 Patent and possesses all rights to sue for and recover all past, present and future damages for infringement of the `530 Patent.

**CLAIM 1**
**INFRINGEMENT OF U.S. PATENT NO. 7,584,167**

10. RE/MAX has been and now is directly infringing one or more claims of the `167 Patent, in violation of 35 U.S.C. § 271, by making, offering and/or using in the United States the computer implemented websites http://www.RE/MAX.com, http://www.home.remaxcommerical.com, and http://www.theremaxcollection.com, which

provide computerized real estate searching and reporting functionality that performs one or more methods claimed in the `167 Patent.

11. On information and belief, RE/MAX created, developed, supports and operates the aforementioned websites.

12. In addition and/or in the alternative, RE/MAX has been and/or is now indirectly infringing one or more claims of the `167 Patent, in violation of 35 U.S.C. § 271(b), by inducing visitors ("End Users") to its websites to directly infringe the `167 Patent through its use of the infringing functionality. RE/MAX will have been aware of the `167 Patent since at least the date it was provided notice of this Complaint and may have been aware of the `167 Patent prior to this date given that the inventor, Dr. Bell, is a well-known economist and property damages consultant in the real estate industry.

13. As a direct and proximate consequence of the acts and practices of RE/MAX in infringing, directly and/or indirectly, one or more claims of the `167 Patent, PDT has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284 in an amount to be determined at trial.

**CLAIM 2**
**INFRINGEMENT OF U.S. PATENT NO. 7,945,530**

14. RE/MAX has been and now is directly infringing one or more claims of the `530 Patent, in violation of 35 U.S.C. § 271, by making, offering and/or using in the United States the computer implemented websites http://www.RE/MAX.com, http://www.home.remaxcommerical.com, and http://www.theremaxcollection.com, which provide computerized real estate searching and reporting functionality that performs one or more methods claimed in the `530 Patent.

15. On information and belief, RE/MAX created, developed, supports and operates the aforementioned websites.

16. In addition and/or in the alternative, RE/MAX has been and/or is now indirectly infringing one or more claims of the `530 Patent, in violation of 35 U.S.C. § 271(b), by inducing visitors ("End Users") to its websites to directly infringe the `530 Patent through is use of the infringing functionality. RE/MAX will have been aware of the `530 Patent since at least the date it was provided notice of this Complaint and may have been aware of the `530 Patent prior to this date given that the inventor, Dr. Bell, is a well-known economist and property damages consultant in the real estate industry.

17. As a direct and proximate consequence of the acts and practices of RE/MAX in infringing, directly and/or indirectly, one or more claims of the `530 Patent, PDT has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284 in an amount to be determined at trial.

## GENERAL ALLEGATIONS

18. The limitation of damages provision of 35 U.S.C. § 287(a) is not applicable to PDT.

19. This case presents exceptional circumstances within the meaning of 35 U.S.C. § 285 and PDT is thus entitled to an award of its reasonable attorneys' fees.

## DEMAND FOR JURY TRIAL

20. PDT, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, PDT requests entry of judgment that:

1. Defendant has infringed each of the patents-in-suit;

2. Defendant account for and pay to Plaintiff all damages caused by its infringement of the patents-in-suit;

3. Plaintiff be granted pre-judgment and post-judgment interest on the damages caused to it by reason of one or more of Defendant's patent infringement;

4. Plaintiff be awarded enhanced damages in accordance with 35 U.S.C. § 284;

5. The Court declare this an exceptional case and that Plaintiff be granted reasonable attorneys' fees in accordance with 35 U.S.C. § 285;

6. Costs be awarded to Plaintiff; and

7. Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: January 21, 2014

Respectfully submitted,

**BUETHER JOE & CARPENTER, LLC**

By: *<u>/s/ Christopher M. Joe</u>*
Christopher M. Joe
State Bar No. 00787770
Chris.Joe@BJCIPLaw.com
Eric W. Buether
State Bar No. 03316880
Eric.Buether@BJCIPLaw.com
Brian A. Carpenter
State Bar No. 03840600
Brian.Carpenter@BJCIPLaw.com
Mark D. Perantie
State Bar No. 24053647
Mark.Perantie@BJCIPLaw.com
Monica Tavakoli
State Bar No. 24065822
Monica.Tavakoli@BJCIPLaw.com

1700 Pacific Avenue
Suite 4750
Dallas, Texas 75201
Telephone: (214) 466-1272
Facsimile: (214) 635-1828

**ATTORNEYS FOR PLAINTIFF PROPERTY DISCLOSURE TECHNOLOGIES LLC**